UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| **LEHMAN BROTHERS HOLDINGS INC.,**         ) | |
| ) | |
| **Plaintiff,**         ) | |
| ) | |
| vs.         ) | Civil Action No. 09-cv-11082-GAO |
| ) | |
| **1st NEW ENGLAND MORTGAGE**         ) | |
| **CORPORATION dba ABERDEEN**         ) | |
| **MORTGAGE and FNE MORTGAGE,**         ) | |
| ) | |
| **Defendant.**         ) | |

**PLAINTIFF LEHMAN BROTHERS HOLDINGS INC.'S MOTION FOR SUMMARY JUDGMENT ON LIABILITY AND LOCAL RULE 7.1(D) REQUEST FOR HEARING**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Lehman Brothers Holdings Inc. ("LBHI" or "Plaintiff") hereby moves for summary judgment against Defendant 1st New England Mortgage Corporation dba Aberdeen Mortgage and FNE Mortgage ("1st New England" or "Defendant"), on the grounds that there are no genuine issues of material fact in dispute, and LBHI is entitled to a judgment as a matter of law on its cause of action for breach of contract against 1st New England.

Plaintiff is entitled to summary judgment for breach of contract against 1st New England because: (1) the Loan Purchase Agreement ("Agreement") 1st New England entered into with Lehman Brothers Bank, FSB ("LBB"), which governs 1st New England's sale of the Bloat Loans, defined *infra*, to LBB and incorporates the terms and provisions of Aurora Loan Services, LLC's ("Aurora") Seller's Guide (the "Sellers Guide), is a valid contract; (2) LBB performed its obligations under the Agreement and Seller's Guide by purchasing and providing payment to 1st New England for Loan No. ****8820 (the "Bloat First Loan") and Loan No. ****9018 (the "Bloat Second Loan") (collectively, the "Bloat Loans") relating to Roger and Neira Bloat's (the

1

"Bloats") purchase of a residence at 598 Peppergrass Run, Royal Palm Beach, Florida; (3) 1st New England breached the representations, warranties, and covenants in the Seller's Guide because the loan applications (the "Bloat Applications") that 1st New England submitted to LBB with the Bloat Loans file contained misrepresentations and untrue statements related to the Bloats' combined and individual gross monthly income; (4) 1st New England also breached the representations, warranties, and covenants in the Seller's Guide by failing to repurchase the Bloat Loans within thirty (30) days after it became known that the Bloats misrepresented their combined and individual gross monthly income in the Bloat Applications; and (5) LBHI, the assignee of all rights under the Agreement and Seller's Guide related to the Bloat Loans, including, among other things, all rights in and to any and all representations, warranties, and covenants 1st New England made to LBB in the Agreement and Seller's Guide related to the Bloat Loans and all rights to the repurchase and indemnity remedies with respect to the Bloat Loans, suffered damages due to 1st New England's breach of the Agreement and Seller's Guide.

LBHI is also entitled to recover the attorney fees it incurred in this action pursuant to the Seller's Guide. At this time, however, LBHI only seeks summary judgment on 1st New England's liability for breach of contract and attorney fees, but does not move for summary judgment on the amount of damages LBHI has sustained or the amount of attorney fees LBHI has incurred. Thus, LBHI requests that this Court rule on the issues of whether 1st New England breached the Agreement and Seller's Guide, and whether 1st New England is liable for LBHI's attorney fees under the Agreement and Seller's Guide.

In support of this Motion for Summary Judgment, LBHI relies on its Memorandum of Law and Statement of Undisputed Facts, as well as the Declarations of John Baker, Amanda L.

Burcham, Sonya Grant, and Stephanie Griffith, along with the exhibits thereto, filed concurrently herewith.

WHEREFORE, LBHI respectfully requests that the Court grant its Motion for Summary Judgment on 1st New England's liability for breach of the Agreement and Seller's Guide, liability for attorney fees, and such other and further relief to which it may be justly entitled.

## **REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1(d), LBHI requests that the Court allow oral argument on this motion.

LEHMAN BROTHERS HOLDINGS INC.

By its Attorneys,

LOCKE LORD LLP

/s/  Jason L. Sanders

Katherine Heid Harris (BBO # 658549)
111 South Wacker Drive
Chicago, Illinois 60606
(312) 443-1713
(312) 896-6713 (Fax)

Robert T. Mowrey, Pro Hac Vice
Jason L. Sanders, Pro Hac Vice
2200 Ross Avenue, Suite 2200
Dallas, Texas  711201
(214) 740-8000
(214) 740-8800 (Fax)

Kent C. Modesitt
(Pro Hac Vice application to be filed)
REILLY POZNER LLP
511 16th Street, Suite 700
Denver, Colorado 80202
(303) 893-6100
(303) 893-6110 (Fax)

## **CERTIFICATE OF SERVICE**

      I, Jason L. Sanders, hereby certify that on December 21, 2011, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send electronic notification of such filing to all parties of record.

                                                      /s/   Jason L. Sanders
                                                      Jason L. Sanders